## MOONEY v AKRON (city)

Ohio Appeals, 9th Dist, Summit Co

No 2291.  Decided March 20, 1933

McGowan & Lombardi, Akron, for plaintiff in error.

Gillum H. Doolittle, Dir. of Law, Akron, and Harry S. Littman, Asst. Dir. of Law, Akron, for defendant in error.

**WASHBURN, PJ.**

The principal question presented in this case is whether a certain ordinance of the city of Akron is an unconstitutional deprivation of liberty.

When required in the regular course of judicial procedure, it is our duty to declare laws void if not within the legislative power, but we should never do so except in a clear case, and we are bound to indulge every reasonable presumption in favor of the validity of a legislative enactment. One branch of the government cannot encroach on the domain of another without danger, and the safety of our institutions depends in no small degree upon our observance of this salutary rule.

The ordinance reads as follows:

"Ordinance No. 347-1932 to prohibit the possession of apparatus, devices, sheets, slips, tickets, books, and/or any other kind of device designed and used for gambling purposes and to prescribe a penalty therefor.

"Be it enacted by the Council of the City of Akron:

"That any person who shall be or become the possessor, custodian or depositary of any pools, lottery 'policy,' scheme of chance, money, property or thing of value, in any manner wagered or bet upon any result or event, or of any apparatus, device, sheets, slips, tickets, or books of any kind designed or used for the purpose of facilitating, enabling or assisting in gambling or buying or selling any such pools, lottery 'policy,' or scheme of chance, or making any such wagers or bets, shall be fined not more than Five Hundred Dollars ($500.00), and each day of being such a possessor, custodian, or depositary of any of the aforesaid shall constitute a separate offense."

It is contended that this ordinance makes criminal the mere possession of articles, innocent in themselves, which are not actually used for gambling and which the possessor has no intention of using for or in connection with gambling purposes, and that said ordinance is therefore an unreasonable exercise of police power and beyond the constitutional authority of the legislative body which enacted it.

It may be conceded that if the only reasonable interpretation to be given to said ordinance is the one set forth above, then it is so unreasonable as to be unconstitutional; but if said ordinance is susceptible of a reasonable interpretation which renders it constitutional, it is the duty of courts to adopt such interpretation.

"1. A statute should not receive a construction which makes it conflict with the constitution, if a different interpretation is practicable."

**Burt v Rattle, 31 Oh St 116.**

"3. Where there are two possible interpretations of a statute, one of which will render it valid and the other invalid, courts will adopt the former so as to bring it into harmony with the constitution."

**State ex v Zangerle, 103 Oh St 566.**

To the same effect we quote from opinions of courts as follows:

"It is well settled that where a statute is open to two constructions the court should give that interpretation which will not make it violative of constitutional provisions."

**Hess v Devou, 112 Oh St 1, at pp. 11-12.**

"It is an elementary rule of statutory construction, that, when possible, such a construction shall be given as will render the statute constitutional rather than otherwise, and a construction upholding the constitutionality of a statute is to be favored."

**In Re Brady, 116 Oh St 512, at p. 516.**

A consideration of said ordinance leads us to the conclusion that it is susceptible of a fair and reasonable interpretation which renders it a valid exercise of the police power.

The ordinance legislates against the possession of certain articles "designed or used

for the purpose of facilitating, enabling or assisting in gambling."

If a party has possession of such articles and uses them to assist in gambling, that is an offense; and if he has possession of such articles for the purpose of assisting in gambling, that is an offense; but mere possession without use and without any purpose of assisting in gambling, is not an offense.

"Designed," as used in the ordinance, does not refer to the purpose of the maker of the article; it refers to the purpose of the possessor of the article. One of the well-recognized meanings of the word "designed" is "intended," and we think it is so used in this ordinance, and that the ordinance should be interpreted to legislate against the possession of certain articles which the possessor either uses or intends to use to assist in gambling. Where the article is not actually used to assist in gambling, no crime is proven unless the state proves that the possession was with the intention to so use the article to assist in gambling. That construction renders the ordinance constitutional.

In this case the defendant was charged with possession of certain articles designed for the purpose of assisting in placing wagers on the result of horse races, and the evidence shows not only that the articles were peculiarly appropriate for that purpose but that at the time of the raid they were possessed for the purpose of being so used, and indeed that they had been and were then being so used. It is true that no witness testified to the actual placing of a wager, but the articles, and the officer's uncontradicted evidence explaining the same, together with the evidence as to the situation and surrounding circumstances and what transpired, lead to but one conclusion, in view of the fact that the defendant, who was present, admitted the possession of the articles and did not offer himself as a witness to explain such possession and did not introduce any evidence to weaken or refute the natural inferences arising from the evidence of the defendant in error. Furthermore, the evidence of what the defendant said at the time of the raid, which was likewise uncontradicted, supports the claim that the defendant not only intended to use said articles to assist in gambling but that they had been used and at the time of the raid were being used for that purpose.

Judgment affirmed and cause remanded to the Municipal Court for execution, and it is ordered that a copy of the judgment of affirmance be sent to the Common Pleas Court for record.

A like entry may be made in case No. 2292, John Smith v City of Akron.

FUNK and STEVENS, JJ, concur in judgment.